**Marulam Fernando SIMANJUNTAK, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72878.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 22, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

Cindy S. Ferrier, Senior Litigation Counsel, R. Alexander Goring, Esquire, Trial, Rosanne Perry, Trial, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Marulam Fernando Simanjuntak, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182, n. 4 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that the harm Simanjuntak suffered in Indonesia did not rise to the level of past persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 672–73 (9th Cir.2004); *see also Hoxha v. Ashcroft*, 319 F.3d at 1182 (unfulfilled threats do not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

amount to past persecution). In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Simanjuntak, a Batak Christian, he has not demonstrated the requisite individualized risk of persecution. *See Hoxha,* 319 F.3d at 1184–85. Further, on the record, Simanjuntak failed to establish a pattern or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–61 (9th Cir.2009). Substantial evidence also supports the BIA's conclusion that Simanjuntak failed to establish a well-founded fear of future persecution based on his imputed political opinion because his fear is speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003).

■ Because Simanjuntak has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Furthermore, substantial evidence supports the BIA's denial of CAT relief because Simanjuntak failed to establish it is more likely than not he would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**